This case is before the court without oral argument on cross-motions for summary judgment. For the reasons discussed below, we dismiss part of the petition as beyond our jurisdiction. We allow defendant summary judgment as to the remainder.
The plaintiff, John C. Shull, alleges that while residing in Iran he was mailed several insured parcels from the United States during January 1977. Three of these parcels failed to arrive intact. In March 1977 plaintiff submitted claims to postal authorities for the insurance covering the three parcels. Shull’s claims for two of the parcels were supported by the complete six-digit insurance numbers derived from the numbered insurance receipts issued at the time of mailing. As to the third parcel, the mailer, Shull’s brother, was unable to locate the numbered insurance receipt. *698 Shull’s claim for that parcel was supported by a partial insurance number derived from the parcel’s wrapping.[1]
The claims supported by numbered receipts were eventually allowed in July 1979. At the same time, the claim for the third parcel was denied for inadequate proof of insurance. In an August 14, 1979, letter to postal authorities, plaintiff suggested possible six-digit numbers for the third insurance receipt. The letter also requested that the post office where the parcels were mailed be contacted for verification. After receiving this letter, postal authorities again denied Shull’s claim for failure to document insurance.
In July 1980, plaintiff resubmitted his claim for the third parcel, indicating he had recently found the numbered insurance receipt. Plaintiffs resubmitted claim was denied as untimely in that postal regulations required evidence of insurance to be submitted within one year from the insured article’s mailing. Plaintiffs subsequent efforts to obtain relief administratively were unsuccessful. This suit followed. The petition seeks $5,000 based on plaintiffs allegation that improper processing of his claim by the post office has "required extensive time and effort” on his part.
As we have stressed to this plaintiff before, the United States is liable to owners of lost or damaged mail only to the extent that the mailer has purchased insurance. See Shull v. United States, 228 Ct.Cl. 750 (1981), and cases cited thereat. We perceive no need to repeat that discussion. Shull alleges $133 as the value of the third parcel. Maximum insurance applicable to that parcel was $100.[2] No insurance benefits have thus far been paid. Thus, construing the petition liberally in favor of this pro se plaintiff, we have jurisdiction of Shull’s claim only to the *699 extent of $100. We hold that the remainder of Shull’s claim must be dismissed as beyond our jurisdiction.
Moreover, the postal regulations applicable to the third parcel’s January 1977 mailing require that we deny the claim for the $100 of insurance benefits. PSMD § 164.133 (December 31,1976) provides:
.133 Insurance (including COD) Claims
Indemnity claims must be filed within one year from the date the article was mailed.
Evidence of insurance must be presented to, and verified by, the postal employee who accepts the claim. See PSMD § 164.213 (July 21, 1975). Until that presentation and verification occurs, the claim is incomplete. PSMD § 164.512 (July 21, 1975). The regulations also define evidence of insurance:
.141 Evidence of Insurance
The customer must submit evidence that the package was insured. Acceptable evidence includes either:
a. The original' insurance receipt issued at time of mailing. Post offices may annotate the appropriate line(s) in firm mailing books Claim filed on (date), and submit a photocopy with the claim form.
b. The wrapper, if it has the name and address of both the mailer and the addressee and the appropriate insurance endorsement. [PSMD § 164.141 (July 21,1975).]
The obligation to document the insurance was Shull’s and not that of the post office. See PSMD § 162.43 (December 31, 1976).
Shull did submit a claim for the loss of the third parcel during the one year after mailing as required. However, that claim was not supported within that period by a complete six-digit insurance number derived from the insurance receipt or the parcel’s wrapping. The March 1977 claim was thus properly denied for failure to document insurance. Although Shull now alleges he can supply the proper number, the clear import of the postal regulations is that adequate evidence of insurance was to be supplied within one year of the third parcel’s January 1977 mailing. As Shull failed to do this, it follows that he has no entitlement to the $100 of insurance benefits. We so hold.
*700 it is therefore ordered that so much of the petition claiming in excess of $100 be dismissed as beyond our jurisdiction. IT IS FURTHER ORDERED that as to the remainder of the petition, defendant’s motion for summary judgment be and is hereby allowed. Plaintiffs cross-motion for summary judgment is hereby denied. The petition is dismissed.

 The complete six-digit insurance number appeared originally on both the numbered receipt and the third parcel’s wrapping. Plaintiff apparently was delivered a portion of the third parcel’s wrapping sometime prior to March 1977. The last four digits of the insurance number, however, had been torn from that wrapping. Thus, plaintiff was able in March 1977 to supply only the first two digits of the insurance number with his claim on the third parcel.

 Plaintiff has attached to his petition a copy of the claim for insurance on the third parcel. That form discloses that the mailer paid 80 cents as an insurance fee. Under the applicable regulation, the resulting maximum coverage was $100. See Postal Service Manual (Domestic) (PSMD) § 162.22 (December 31,1976).